IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CATHERINE LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:03CV148-SRW |
| | ) | (WO) |
| JO ANNE B. BARNHART, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

Plaintiff Catherine Long brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income and disability insurance benefits under the Social Security Act.  The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c).  Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be affirmed.

## BACKGROUND

On October 19, 2000, plaintiff filed an application for disability insurance benefits and Supplemental Security Income.  On June 4, 2002, after the claim was denied at the initial administrative levels, an ALJ conducted an administrative hearing.  The ALJ rendered a decision on July 25, 2002, in which he found that plaintiff has severe diabetes mellitus, hypertension, and epigastric reflux, but that she retains the residual functional capacity to

perform light work and is able to perform her past relevant work as an insurance agent.  On December 14, 2002, the Appeals Council denied plaintiff's request for review and, accordingly, the decision of the ALJ became the final decision of the Commissioner.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed.  The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings.  Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court.  The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied.  Davis, 985 F.2d at 531.  If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed.  Cornelius, 936 F.2d at 1145-46.

## DISCUSSION

The plaintiff challenges the Commissioner's decision, arguing that: (1) the Appeals Council erred by failing to remand this case on the basis of new and material evidence; (2) the ALJ erred by failing to recontact the consultative examiner or order additional

2

pulmonary function testing; (3) the Commissioner's finding that plaintiff can return to her past relevant work is not supported by substantial evidence.

<u>New Evidence</u>

Plaintiff contends that she provided the Appeals Council with a letter from Dr. Johnson-Russell, plaintiff's treating physician, which states, "[Plaintiff] is being treated for multiple medical problems including Type 2 DM [diabetes mellitus], HTN [hypertension] and chronic bronchitis.  In light of the fact that patient is 56 years old and has many chronic medical problems, I think it would be difficult for [plaintiff] to find and maintain gainful employment." (Plaintiff's brief, p. 14).  Plaintiff argues that the Appeals Council erred by failing to remand on the basis of this evidence.  However, the administrative record contains no indication that this letter was ever received by the Appeals Council, and plaintiff has failed to file the letter with this court.[1]  Since the letter is not in the record, the court cannot evaluate it pursuant to the new evidence standard and, thus, plaintiff has not demonstrated that she is entitled to remand on the basis of new evidence.[2]

<u>Failure to Recontact Consultative Examiner</u>

Dr. Willis V. Crawford performed a consultative examination on May 1, 2001.  As part of this examination, Dr. Crawford sent plaintiff for pulmonary function testing.  (R. 268-

---

[1]  Although plaintiff's brief cites the letter as Exhibit A, there is no exhibit attached to plaintiff's brief.  Plaintiff's counsel was alerted to this problem by the Commissioner's brief, which indicated that the service copy of the plaintiff's brief did not include an attachment (defendant's brief, p. 15), but did not seek leave to file the exhibit.  Additionally, although she was served with the administrative transcript in May 2003 (<u>see</u> Doc. # 8, ¶ 7), plaintiff has not objected to the transcript as incomplete.

[2]  Based on the excerpt quoted by counsel in the brief, the court is doubtful that the evidence would have required remand under the new evidence standard even if it had been filed.

80).  Plaintiff argues that, because the technician did not fully complete the PFT checklist (R. 277) and because only one of six spirograms were satisfactory, the ALJ had a duty to contact Dr. Crawford to ask for the missing information on the checklist or to repeat the pulmonary function test.[3]

"It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).  This duty exists whether or not a claimant is represented by counsel.  Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981).  However, an ALJ's duty to recontact a medical source arises only if the evidence of record is not sufficient to determine the issue of disability.  See 20 C.F.R. §404.1512(e)(pertaining to contacting treating sources); §404.1527(c)(3); §404.1519p(b)(requiring contact with consultative examiner only if the report is inadequate or incomplete); cf. Nation v. Barnhart, 153 Fed. Appx. 597 (11th Cir. Oct. 26, 2005)(unpublished opinion)("The ALJ is not required to seek additional independent expert medical testimony before making a disability determination if the record is sufficient and additional expert testimony is not necessary for an informed decision.")(citing Wilson v. Apfel, 179 F.3d 1276 (11th Cir. 1999)); 20 C.F.R. § 404.1519f ("We will purchase only the specific examinations and tests we need to make a determination in your claim.").

As plaintiff argues, Dr. Crawford noted that "[p]ulmonary function studies performed on this patient were abnormal."  (R. 271).  However, two sentences before this statement, Dr.

---

[3]  The technician failed to answer the last three questions on the checklist, which inquired whether three satisfactory pre-FVC tracings and three satisfactory post-FVC tracings were included, and whether the FVC went to plateau for two seconds or to a total of six seconds.  (R. 277).  However, it is evident from a review of the tracings themselves that there is only one satisfactory tracing.  Thus, there was no need for the ALJ to contact the consultative examiner merely to have the checklist completed.

Crawford indicated, "She seems to be doing well as far as her asthma and acid reflux is concerned." (Id.). On examination of plaintiff's "chest and lungs," Dr. Crawford reported that "The chest is symmetrical and expansion is grossly satisfactory. Breath sounds are clear. No rales are heard and no dullness is heard." (Id.). Thus, it does not appear that Dr. Crawford himself believed that the "abnormal" study warranted further inquiry.

Additionally, plaintiff reported to Dr. Crawford that she "has had asthma for as long as she can remember in her adulthood," and that "she still occasionally wakes up at night with shortness of breath." (R. 268). Plaintiff has been prescribed a Maxair autoinhaler for use as needed. (See R. 158). However, plaintiff's problems with asthma are only occasionally mentioned in her voluminous medical record, and there is no indication that any breathing problems she has experienced have worsened over the years. Treatment notes by Dr. Johnson-Russell for an examination conducted on March 4, 2002 – three months prior to the hearing before the ALJ – indicate that plaintiff "has remote h/o [history of] asthma." (R. 364). Plaintiff was treated on that date for acute bronchitis and "mild asthma exacerbation." (Id.). On examination four days later, plaintiff reported that her symptoms had improved, and the treatment notes make no mention of asthma. (R. 363).

Additionally, despite this reportedly lengthy history of asthma, plaintiff worked for over sixteen years as an insurance agent. (R. 33). In her application for benefits in October 2000, plaintiff reported that in this job she went from door-to-door soliciting new clients and collecting payments for twelve to sixteen hours per day, five days per week and that, "as long as [she] was not working in dust [the asthma] did not [a]ffect [her] ability to work." (R. 76,

79).[4]

The evidence of record was sufficient to support the ALJ's conclusion that plaintiff does not have severe asthma.  In view of the limited evidence of complaints of or treatment for breathing problems, Dr. Crawford's examination and assessment that (despite the abnormal study) plaintiff was "doing well as far as her asthma . . . is concerned," and plaintiff's own report that her asthma did not affect her ability to work, as long as she was not working in dust, the ALJ did not err in failing to recontact Dr. Crawford for further pulmonary assessment.[5]

<u>Substantial Evidence</u>

Plaintiff's "substantial evidence" argument rests largely on her own reports at the hearing and to the consultative examiner regarding her functional limitations and her contention that those alleged symptoms preclude her from performing a full range of light work.  (Plaintiff's brief, pp. 9-10).[6]  However, the ALJ properly discounted plaintiff's testimony of disabling symptoms.  His determination that the evidence does not confirm the

---

[4]  Plaintiff also noted that her esophageal ulcers and acid reflux had "no effect" on her ability to work.  (R. 75-76).

[5]  The court notes that plaintiff has reversed her position regarding the sufficiency of the pulmonary function testing results.  At the hearing before the ALJ, plaintiff did not suggest that the ALJ should order additional pulmonary function testing.  Instead, she contended that the single satisfactory spirogram was sufficient to require a finding that plaintiff's condition met Listing 3.02A.  (R. 35-38).  She now acknowledges that the values in the tables in Listing 3.02 are to be compared to the "largest of at least three satisfactory forced expiratory maneuvers."  (Plaintiff's brief, pp. 11-12; <u>see</u> 20 C.F.R. Part 404, Subpart P, App. 1, § 3.00(E)).

[6]  Dr. Crawford assessed plaintiff's motor strength as "4 out of 5 generally" and stated that "[s]he is able to do work related activities such as sitting, standing, walking, lifting, carrying, handling objects, hearing, and speaking despite her many problems."  (R. 271).

alleged severity of her pain and other symptomology and that her condition could not reasonably be expected to produce the alleged intensity and persistence of her pain and other symptoms is supported by substantial evidence.  (See R. 16).[7]

The only other issue raised by plaintiff pertains to the ALJ's failure to include a finding of fact regarding the demands of plaintiff's past relevant work and plaintiff's ability to meet those demands.  (Plaintiff's brief, p. 8).[8]  Social Security Ruling 82-62, cited by plaintiff, requires that a step four decision that a claimant is not disabled must contain: (1) "[a] finding of fact as to the individual's RFC;" (2) "[a] finding of fact as to the physical and mental demands of the past job/occupation;" and (3) "[a] finding of fact that the individual's RFC would permit a return to his or her past job or occupation."  In this case, the ALJ explicitly made the first and third findings, above, but did not make a specific finding of fact as to the physical and mental demands of the past job/occupation. The ALJ concluded that plaintiff retained the residual functional capacity to perform light work and

_____

[7] As noted by the ALJ, in several instances, plaintiff's complaints of pain and other symptoms were investigated with objective tests which returned normal results. See, e.g., R. 129-32, 153, 157, 180, 215, 216, 313, 322 (normal results for thallium study, heart catheterization, X-ray of index fingers, nerve conduction study, CT scan, cervical X-ray, diabetic foot examinations, X-ray of left ankle).  Additionally, although plaintiff complains of disabling side effects from medication, the record reveals few instances of complaints of such side effects to her physicians.  Further, plaintiff's diabetes and hypertension are long-standing medical diagnoses.  Some of her related complaints (frequent urination , blurring of vision, and a burning sensation in her feet, for example) occurred on an intermittent basis well before plaintiff's alleged onset date – while she was still working – and the medical evidence does not suggest the symptoms have worsened. (See e.g. R. 158, 203, 208, 213).   On October 17, 2001, plaintiff reported that she is "very active in [her] community" and that she exercises.  (R. 373).  The ALJ correctly noted that no doctor has rendered an opinion that plaintiff is totally disabled.  (R. 16).

[8] Plaintiff has waived any issue not specifically identified and addressed in her brief.  (See Order, Doc. # 3, ¶ 2)(requiring specific identification of issues and advising that issues not properly identified will not be considered by the court); id. at p. 2 n. 1 ("[G]eneral statements of issues such as 'the ALJ's decision is not supported by substantial evidence' will not be considered by the court.").

that "[t]he claimant's past relevant work as an insurance agent did not require the performance of work-related activities precluded by her residual functional capacity."  (R. 18, ¶¶ 7, 8).  While the ALJ's failure to include an express finding regarding the demands of plaintiff's past relevant work was error, the court concludes – on the basis of the record in the present case – that the error does not require reversal.  Cf. Miller v. U.S. Department of Health & Human Services, 1993 WL 425836 (10th Cir. 1993)(unpublished opinion)(rejecting plaintiff's argument that ALJ's decision did not comply with SSR 82-62 where ALJ concluded that claimant retained the RFC to lift and carry fifty pounds occasionally and twenty-five pounds frequently and that her past relevant work was within her range of ability).   The court agrees that, if the ALJ were relying on plaintiff's ability to perform the demands of her past relevant work *as she actually performed it*, a finding as to the particular demands of that job could not be inferred.  However, it is clear that a step four decision may also be based on a determination that "the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy."  SSR 82-61.  "The Dictionary of Occupational Titles (DOT) descriptions can be relied upon – for jobs that are listed in the DOT – to define the job as it is usually performed in the national economy."  Id.

> A former job performed in by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy. . . . [I]f the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be 'not disabled.'"

8

<u>Id</u>.

The record in this case includes evidence from the Dictionary of Occupational Titles regarding the demands of the job of insurance sales agent.  (R. 88).  The plaintiff concurs that the applicable DOT description classifies this job as light and, in fact, pointed this out to the ALJ.  <u>See</u> R. 102 (letter brief from plaintiff's counsel to ALJ)("[Plaintiff's] prior relevant work was as an insurance sales agent (DOT 250.257-010, Strength L) from 1983 through September 2000.").  The ALJ found that plaintiff retained the residual functional capacity for light work and that her past relevant work did not require the performance of activities precluded by her RFC.  The plaintiff argued to the ALJ that the requirements of her past relevant work were as set forth in DOT 250.257-010, which is included in the record and was before the ALJ.  Under these circumstances, the ALJ's failure to make an express finding regarding the requirements of plaintiff's past relevant work does not require reversal.  The basis of the ALJ's determination that plaintiff could return to her past relevant work is adequately established in the decision.

## CONCLUSION

Upon consideration of plaintiff's arguments and a review of the record as a whole, the court concludes that the decision of the Commissioner is due to be AFFIRMED.

Done, this 22nd day of February, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE